IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES NELSON
#307445
        Plaintiff,

vs.                                  3:05cv331/MCR/MD

FLORIDA DEPARTMENT
OF CORRECTIONS, et al.
        Defendants.

---

## <u>REPORT AND RECOMMENDATION</u>

This cause is before the court upon plaintiff's second amended complaint. (Doc. 28).  On March 7, 2006, this court entered an order directing plaintiff to file a second amended complaint, because the allegations of plaintiff's amended complaint were unclear and were not in compliance with the Local Rules or the instructions on the complaint form. Furthermore, the order noted that the plaintiff's complaint did not state a claim for relief under section 1983 as to some or all of the named defendants.  The court indicated that plaintiff would have a **final** opportunity to submit an amended complaint in compliance with its orders, the instructions on the complaint form and the Local Rules.  Plaintiff's complaint is still far reaching and virtually incomprehensible, and as such the court recommends that his case be dismissed.

Plaintiff is an inmate currently incarcerated at the Santa Rosa Correctional Institution.[1]  He is proceeding pro se and *in forma pauperis* in this action.  On the first page

---

[1]Department of Corrections electronic records indicate that the plaintiff is serving a 55 year sentence for attempted second degree murder, a three year sentence for aggravated assault with a weapon with no intent to kill and a 30 year sentence for felon in possession of a concealed weapon or ammunition. The offense conduct is abbreviated, so the charged offense might be a slight variation of that cited. See:

of the complaint form, he lists as defendants in this action the Florida Department of Corrections, then DOC Secretary James V. Crosby,[2] Aramark Food Service, C.M.S. Medical Services, and the State of Florida. The individuals listed on the second page of the complaint form are entirely different: Brad Stetson Wallace, Jacksonville Sheriff's Department and Dr. Harry Krop.  Several attached pages appear to list either additional defendants or additional cases or a combination thereof.

As noted above, plaintiff's allegations are far reaching and at times difficult to discern.  In just the statement of facts on the printed complaint form,[3] plaintiff claims that the Jacksonville Sheriff's Department filed false and fabricated charges against him, that the state conspired with the public defenders and prosecutor to convict him, that someone conspired with the Florida Department of Corrections to poison him, that he has been subject to use of "gas,"  to inmate attacks, to sexual misconduct and harassment by corrections officers, that he has been retaliated against for attempting to access the courts, that he has been denied access to the courts, that his federal legal documents have been destroyed, that his mail has been tampered with or obstructed, that MCI conspired regarding a phone block so that he could not communicate with family and friends, that he has been denied proper medical care, and that federal judges have conspired to "rubber stamp" his complaints.  In the statement of claim, he claims that his "basic rights" have been violated, that he has been subjected to excessive punishment, due process violations, violations of the first, fifth, sixth, eighth, eleventh and fourteenth amendments of the Florida Constitution and the Constitution of the United States.  As relief, he seeks release from prison, compensation, professional dental treatment so he can smile again, and "all [his] political issues addressed and laws enforce[d]," the firing, impeachment or suspension of judges, that the law licenses of unnamed individuals be taken or suspended

---

http://www.dc.state.fl.us/ActiveInmates/detail.asp?Bookmark=2&From=list&SessionID=440007505.

[2]Mr. Crosby has been succeeded by James McDonough as Secretary of the Department of Corrections.

[3]Plaintiff includes another twenty pages of allegations in attachments to the complaint form (doc. 28 at 23-43), and lists another 57 individuals as "defendant(s) of the Florida Department of Correction on Exhibits." (Doc. 28 at 44-47).

*Case No: 3:05cv331/MCR/MD*

or that they be prosecuted, that his record be expunged, that he receive governmental immunity and that he and his family receive a nice house.

Plaintiff has been repeatedly advised about the rules of this court, and his attention has been drawn to the instructions on the complaint form.   The court's prior order specifically advised:

> **Plaintiff must limit his allegations to those related to the same basic incident or issue, and should only name as defendants individuals who are responsible for the constitutional violations of which he complains**. Plaintiff may bring separate actions as he chooses in order to present claims that are not related to the same basic incident or issue or which were not exhausted before he filed this case.  **In addition, any issues that were <u>not</u> administratively exhausted <u>before</u> plaintiff initiated this case are not properly before the court.  Failure to comply with these directives may result in a recommendation that this case be dismissed.**

(Doc. 23 at 7).

The instant complaint clearly is not in compliance with the court's order.  While this court attempts to provide guidance to pro se litigants to assist them in preparing a viable complaint, it cannot act as counsel for such litigants.  Nor can it be expected to winnow through pages and pages of unrelated claims, in search of a potentially viable claim, after plaintiff has been clearly and repeatedly instructed how to present his case to this court and been afforded multiple opportunities to do so.  Plaintiff failed to heed the court's warning about the consequences of his failure to comply with the court's order.  As such, dismissal of his complaint is warranted.

Accordingly, it is respectfully RECOMMENDED:

That this case be dismissed without prejudice for plaintiff's repeated failure to follow the orders of the court in preparing and presenting his civil rights complaint.

DONE AND ORDERED this 2nd day of May, 2006.

/s/ *Miles Davis*
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts,* 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:05cv331/MCR/MD*